UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY D. JOHNSON,

    Plaintiff,

    v.        CAUSE NO. 3:25-CV-203-SJF

BAUM, et al.,

    Defendants.

OPINION AND ORDER

Anthony D. Johnson, a prisoner without a lawyer, is proceeding in this case "against Sgt. Baum and Officer B. Smith in their individual capacities for compensatory and punitive damages for deliberate indifference to Johnson's conditions of confinement on June 20, 2024, in violation of the Eighth Amendment[.]" ECF 7 at 5. The defendants filed a motion for summary judgment, arguing Johnson did not exhaust his administrative remedies before filing this lawsuit. ECF 16. Johnson filed a response, and the defendants filed a reply. ECF 22, 23. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants argue Johnson did not exhaust his available administrative remedies because he submitted a relevant grievance but did not appeal the grievance office's denial of that grievance. ECF 17. Specifically, the defendants provide Johnson's grievance records, a copy of the Offender Grievance Process, and an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF"), which show the following facts: During all relevant times, an Offender Grievance Process was in place at MCF and

2

available to Johnson. ECF 16-1 at 2. The Offender Grievance Process required Johnson to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.*; ECF 16-2 at 3. On June 24, 2024, the grievance office received Grievance 189306 from Johnson, in which he complained various correctional officers were deliberately indifferent to his conditions of confinement on June 20. ECF 16-1 at 5; ECF 16-3 at 4. The grievance office issued a receipt and, on February 13, 2025, issued a response denying Grievance 189306 on its merits. ECF 16-1 at 5; ECF 16-3 at 1. Johnson never appealed the grievance office's denial of Grievance 189306, which was a necessary step to exhaust the grievance. ECF 16-1 at 5-6; ECF 16-3 at 1-2.

Here, the defendants have provided evidence Johnson did not fully exhaust Grievance 189306 by submitting Level I and Level II appeals. In his summary judgment response, Johnson explains the legal concept of exhaustion and describes the requirements of the Offender Grievance Process, but he does not argue or provide any evidence disputing any of the defendants' facts. ECF 22. Specifically, Johnson does not dispute that (1) the grievance office denied Grievance 189306 on its merits, and (2) he never appealed that determination. Rather, Johnson merely describes the exhaustion requirement and concludes that "Plaintiff did exhaust available remedies," but he does not provide any explanation or cite to any evidence in support of this assertion. *See id.* at 5-7. This is insufficient to create a genuine dispute. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts

3

creating a genuine issue for trial and may not rely on vague, conclusory allegations");
*Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough") (quotation marks, brackets, and citation omitted).

Accordingly, it is undisputed that Johnson did not fully exhaust Grievance 189306, and Johnson does not argue or provide any evidence he submitted any other relevant grievance or his administrative remedies were in any way unavailable. The defendants have therefore met their burden to show Johnson had available administrative remedies he did not exhaust before filing this lawsuit. Summary judgment is thus warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 16); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Anthony D. Joshua and to close this case.

SO ORDERED on December 4, 2025.

                                                       s/Scott J. Frankel
                                                       Scott J. Frankel
                                                       United States Magistrate Judge